UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DETRA WRIGHT, | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| v. | § | CA NO. 3:17-cv-1610 |
| | § | |
| DUNCANVILLE N, LLC, D/B/A | § | |
| CLAY COOLEY NISSAN, | § | |
| | § | |
| DEFENDANT | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Detra Wright sues Defendant Duncanville N, LLC, D/B/A Clay Cooley Nissan ("Defendant") and in support thereof would show as follows:

### I. PRELIMINARY STATEMENT

1.1 This is an action for failure to pay overtime brought under the Fair Labor Standards Act ("FLSA"). Duncanville N, LLC d/b/a Clay Cooley Nissan is a Nissan Dealership located in Dallas, Texas. Detra Wright worked for Defendant as a non-exempt, salaried warranty clerk. Wright's primary duty was to make sure Nissan properly reimbursed Defendant for all automotive repairs that were covered by a warranty. More specifically, Wright would review warranty repair tickets to make sure Defendant's mechanics had entered the appropriate codes and hours for the specific task they had been assigned. If she noticed a discrepancy, she flagged it and sent the ticket back to the service manager. Once she determined that the tickets were correct, she would send them to Nissan for payment. If Nissan returned a repair ticket because of an error or discrepancy, Wright would make the appropriate correction and then resubmit the ticket. Wright also monitored the status of outstanding tickets and noted when they were paid.

1.2     Even though she was salaried, Defendant required Wright to clock in and out every day, so the number of hours Wright worked over forty each week should be capable of precise calculation.

1.2     During the three years prior to the filing of this Complaint, Defendant willfully committed violations of the FLSA by failing to pay Ms. Wright overtime premiums for all hours worked over forty per week.

## II.     JURISDICTION AND VENUE

2.1     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2     The Court has personal jurisdiction over Defendant Duncanville N, LLC because this entity conducts business in Texas and has entered into relationships with Detra Wright in Texas, and committed actions in Texas that give rise to this cause of action.

2.3     Venue is proper in this Northern District of Texas, Dallas Division, as a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III.     PARTIES

**A.     Plaintiff**

3.1     Detra Wright is an individual residing in Texas.

**B.     Defendant**

3.2     Defendant Duncanville N, LLC is a domestic limited liability company formed and existing under the laws of the State of Texas and maintains and operates its principal office in this judicial district.

3.3     Defendant Duncanville N, LLC was an employer of Detra Wright as defined by 29 U.S.C.

§203(d).

## IV. FLSA COVERAGE

4.1 For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2 At all relevant times, Defendant Duncanville N, LLC had gross operating revenue in excess of $500,000.00.

4.3 At all relevant times, Defendant Duncanville N, LLC has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4 At all relevant times, Defendant employed "employees", including Detra Wright, within the meaning of the FLSA, 29 U.S.C. § 203.

4.5 At all relevant times, Defendant employed two or more persons in interstate commerce.

4.6 At all relevant times, Duncanville N, LLC has been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.7 At all relevant times, Detra Wright was engaged in interstate commerce or in the production of goods for commerce while performing her job duties for Defendant.

4.8 At all relevant times, Defendant has been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V. FACTUAL ALLEGATIONS

5.1 Defendant operates an automobile dealership in Dallas Texas.

5.2 Defendant employed Detra Wright during the three-year period preceding the filing of this Complaint. Specifically, Ms. Wright worked for Defendant from June 15, 2016 through May 25, 2017 as a warranty clerk.

5.3	Even though she consistently worked over forty hours per week, Defendant failed to pay Ms. Wright overtime premiums for such hours.

5.4	Defendant maintained control, oversight, and direction over its operations, including employment practices.

5.5	Defendant maintained and exercised the power to hire, fire, and discipline Detra Wright during her employment with Defendant.

5.6	Detra Wright was required to comply with Defendant's policies and procedures in performing her work during her employment with Defendant.

## VI.    CAUSE OF ACTION

**Violation of the FLSA for Failure to Pay Overtime Compensation**

6.1	Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

6.2	Defendant has violated 29 U.S.C. § 201 *et seq*. by failing to pay Detra Wright an overtime premium for all hours worked over forty per week during her employment.

6.3	No excuse, legal justification or exemption excuses Defendant's failure to pay Detra Wright overtime premiums for such hours.

6.4	Defendant has failed to make a good faith effort to comply with the FLSA. Instead, Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation.

6.5	Detra Wright seeks all unpaid overtime premiums, and an additional amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Detra Wright respectfully prays that Defendant Duncanville N, LLC be cited to appear, and that, upon trial of this matter, Detra Wright recover the following against Defendan:

a.  Actual damages for the full amount of Detra Wright's unpaid overtime compensation under the FLSA;

b.  Liquidated damages in an amount equal to Detra Wright's unpaid overtime compensation under the FLSA;

c.  Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

d.  Pre-judgment and post-judgment interest at the highest rates allowed by law; and

e.  Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,

 /s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, Texas 78701
Tel: (512) 777-7777
Fax: (512) 340-4051
E-Mail: doug@dunhamlaw.com

Scotty Jones
State Bar No. 00796848
DUNHAM & JONES, P.C.
1110 E. Weatherford Street
Fort Worth, TX 76102
Tel: (817) 339-1185
Fax: (817) 810-0050
E-mail: sjones@dunhamlaw.com

ATTORNEYS FOR DETRA WRIGHT